# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. HOOKER, | CV F   00 6697 OWW SMS P |
| Plaintiff, | ORDER STRIKING SECOND AMENDED COMPLAINT FROM RECORD (Doc. 111.) |
| v. | ORDER GRANTING PLAINTIFF LEAVE TO FILE THIRD AND FINAL AMENDED COMPLAINT |
| GEORGE GALAZA, et. al., | |
| Defendants. | |

David W. Hooker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action on October 10, 2000. By order of February 14, 2001, the court found that plaintiff's complaint stated a cognizable claim against defendants Galaza, Malek, Embree, Estate of Garth Embree, Wynn, Kim, Dang, Yee, Stienberg, Garro, Armentha, Oliverian, Guerra, Gonzales, Bennett, Oliver, and Hall. The court ordered the Marshal to initiate service on April 24, 2001. On November 1, 2001, all defendants but Embree and the Estate of Embree filed an answer to the complaint. On December 17, 2001, plaintiff filed a motion for a temporary restraining order. Defendants filed an opposition on January 3, 2002, and plaintiff filed a reply on January 15, 2002. On February 12, 2002, the Honorable Lawrence J. O'Neill issued Findings and Recommendations recommending that plaintiff's motion for a temporary restraining order be denied. On February 7, 2002, the court issued a discovery and scheduling order. The recommendation was adopted in full by the District Judge assigned to this action on

1  March 27, 2002. On April 9, 2002, plaintiff filed a notice of appeal with the Ninth Circuit Court
2  of Appeals. The appeal was dismissed on July 18, 2002. On July 29, 2002, the court granted
3  plaintiff's request to file an amended complaint and the first amended complaint was filed that
4  day. On October 23, 2002, plaintiff filed a motion for judicial sanctions and request for an
5  evidentiary hearing. Plaintiff's motion was denied on July 15, 2003. On August 13, 2003,
6  plaintiff filed a motion for reconsideration of the order denying his motion for judicial sanction.
7  That motion was denied on January 30, 2004.
8       On February 9, 2004, plaintiff filed a motion to expedite pending review of his amended
9  complaint and for service upon the additional defendants.   In reviewing the First Amended
10 Complaint, the Court found that Plaintiff named thirty-nine individuals as Defendants and the
11 complaint consisted of 108 pages. However, the initial complaint was served as to seventeen
12 Defendants and the Court had set deadlines for discovery and dispositive motions. Despite this,
13 Plaintiff sought to add 22 new defendants to this action. The Court dismissed the First Amended
14 Complaint on May 28, 2004, as violative of Rule 8(a). The Court informed Plaintiff of what was
15 necessary to formulate a Complaint that could be screened by the Court, i.e., that the Complaint
16 had to be in compliance with Rule 8(a)'s "short and plain" statement requirement.
17       On July 2, 2004, Plaintiff filed a Second Amended Complaint, this time naming nineteen
18 Defendants and consisting of forty plus pages.
19 **A.  SCREENING REQUIREMENT**
20      The court is required to screen complaints brought by prisoners seeking relief against a
21 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
22 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
23 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
24 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
25 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
26 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
27 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
28      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
2  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
3  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
4  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
5  complaint under this standard, the court must accept as true the allegations of the complaint in
6  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
7  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
8  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

## II. RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Court has reviewed Plaintiff's Second Amended Complaint and finds that it is fatally flawed.  As a preliminary matter, the Court informed Plaintiff that his submission of a Complaint that did not comply with Rule 8(a) would be stricken from the record.  The Second Amended Complaint provides the Court with approximately 130 paragraphs of pure narrative.  Plaintiff recites the detailed facts of every single visit to the doctor he had within a certain period of time.  When Plaintiff finally gets to that portion of the Complaint where he lists each claim for relief, he then refers the reader back to paragraphs 1 through 130 to find the facts.  The Second Amended Complaint raises an eighth amendment medical claim, due process, retaliation and an unspecified "state law claim" and names nineteen (19) Defendants.  However, nowhere within the listed claims for relief does Plaintiff provide facts to support them. As stated in the Court's prior Order Dismissing With Leave to Amend, it is not the Court's responsibility nor does the Court have the resources to wade through extraneous information in an attempt to extrapolate facts that may support any numbers of claims in the Complaint.  It is Plaintiff's duty to ensure that specific facts supporting specific claims go together.  A simple reference to the prior 130 paragraphs for each claim stated is simply insufficient.

Plaintiff's failure to comply with the dictates of Rule 8(a) and this Court's prior Order warrant this Order striking the Amended Complaint from the record.  Plaintiff is encouraged to re-read the Court's Order dismissing with leave to amend as it clearly provides Plaintiff with information on what is required in order to comply with Rule 8(a).

The Court HEREBY ORDERS:

1. The Second Amended Complaint is STRICKEN from the record;
2. Plaintiff's THIRD AMENDED COMPLAINT is due within THIRTY (30) days of the date of service of this Order.

Plaintiff is forewarned that his continued failure to comply with the requirements of Rule 8(a) will result in a recommendation that the action be dismissed for failing to state a claim for relief.

IT IS SO ORDERED.

**Dated:     November 16, 2005**               /s/ Sandra M. Snyder
icido3                                              UNITED STATES MAGISTRATE JUDGE