IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID W. HOOKER,<br><br>       Plaintiff,<br><br>vs.<br><br>GEORGE GALAZA, et al.,<br><br>       Defendants. | 1:00-cv-06697-OWW-SMS-P<br><br>**FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**<br><br>(Doc. 115) |

    Plaintiff, David W. Hooker ("plaintiff"), is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    By order filed November 17, 2005, the court found that plaintiff's second amended complaint failed to state any claims for relief against the named defendants. The court dismissed plaintiff's second amended complaint and ordered plaintiff to file a third amended complaint within thirty (30) days from the date of service of that order. On December 21, 2005 and February 16, 2006, respectively, plaintiff filed a motion to extend time. On January 12, 2006 and March 2, 2006, respectively, the court granted plaintiff an additional thirty (30) days within which to respond.

1

More than thirty days have passed and plaintiff has not filed a third amended complaint or otherwise responded to the court's order(s).

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

2

court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal as this case has been pending since 2000.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's initial order of November 17, 2005, requiring plaintiff to file a third amended complaint, expressly stated: "Plaintiff is forewarned that his continued failure to comply wit the requirements of Rule 8(a) will result in a recommendation that the action be dismissed for failing to state a claim for relief."  Thus, plaintiff had adequate warning that dismissal would result from non-compliance with the court's order.

//

Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED for plaintiff's failure to obey the court's initial order of November 17, 2005, and for the reasons set forth therein, namely, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **twenty (20) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 20, 2006**                                **/s/ Sandra M. Snyder**
icido3                                                     UNITED STATES MAGISTRATE JUDGE